IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

WELLS FARGO BANK, NATIONAL )
ASSOCIATION, AS TRUSTEE UNDER )
POOLING AND SERVICING )
AGREEMENT DATED AS OF )
SEPTEMBER 1, 2006 SECURITIZED )
ASSET BACKED RECEIVABLES LLC )
TRUST 2006-HE2 MORTGAGE )
PASS-THROUGH CERTIFICATES, )
SERIES 2006-HE2, )
                                                   Plaintiff, )
                                                         )
      v. )   Case No. 13 C 3981
                                                         )
CARLOS FERNANDEZ; FIRST BANK, )
                                                         )
                               Defendants. )

**MEMORANDUM ORDER**

Carlos Fernandez ("Fernandez"), one of the defendants in this mortgage foreclosure action, has just filed his Amended Answer and Affirmative Defenses to the Complaint brought by Wells Fargo Bank. This memorandum order is issued sua sponte because of one problematic aspect of the Answer.[1]

But before that subject is addressed, Fernandez' counsel must be faulted for his noncompliance with this District Court's LR 10.1. That provision has a salutary purpose: It enables the reader to see just what is and what is not at issue between litigants without having to flip back and forth between two separate pleadings. But because this Court is loath to require

---

[1] No view is expressed here as to the propriety or viability of Fernandez' two Amended Affirmative Defenses. That subject will be left to Wells Fargo to address.

Fernandez' counsel to do or complete a do-over, it will simply require an amendment to the Amended Answer rather than a self-contained Second Amended Answer,

To turn to the fundamental problem with the Amended Answer, Fernandez' counsel is among the legion of lawyers who inexplicably (and impermissibly) depart from the plain roadmap marked out by Fed. R. Civ. P. 8(b)(5) that prescribes the express disclaimer that is required of any defendant who finds it impossible to comply in good faith with Rule 8(b)(1)(B) as to some of the plaintiff's allegations. In this instance each of Answer ¶¶ 10(j), (l), (n), (p) and (q) recites an unacceptable reformulation of that prescribed disclaimer, and so each is stricken.

Accordingly Fernandez is required to replead the flawed responses on or before January 28, 2014. Any failure to do so will cause each of the allegations at issue to be treated as having been admitted.

                                                                  _____
                                                                  Milton I. Shadur
                                                                  Senior United States District Judge

Date: January 14, 2014